# HILL v. PARMELEE.

PATENTS; INTERFERENCE; OWNERSHIP OF INVENTION; BURDEN OF PROOF.

1. In an interference proceeding between a patentee and a subsequent applicant for a patent, to determine which of the parties is the real inventor, it is incumbent on the later applicant to make out his case beyond all reasonable doubt; and a decision of the Commissioner of Patents adverse to his claims will not be disturbed on appeal unless clearly shown to be erroneous.

2. A decision of the Commissioner of Patents in favor of the patentee, in an interference proceeding between a patentee and a

subsequent applicant, wherein it was shown that the latter had delayed the filing of any claim for seventeen months after the conceded reduction to practice, and that for four months prior to the filing of the interfering application, the patentee had, with the knowledge and concurrence of the applicant and without any claim by him that he was the inventor, been engaged in the execution of a contract with the company employing them both, with special reference to the patent, *affirmed.*

No. 44. Patent Appeals. Submitted February 10, 1896. Decided December 8, 1896.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding to determine the ownership of an invention of an improvement for trimming axles. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Charles E. Foster, Mr. Frank L. Freeman,* and *Mr. John R. Bennett* for the appellants.

*Mr. J. J. Darlington* and *Mr. Edward G. Siggers* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in a case of interference.

The appellee, Wolcott J. Parmelee, has a patent for the invention, which is set forth as follows:

" 1. A die for removing the fins from the collars of axles, having a recess to receive the axle, and having also a cutting edge, constituting the front edge of said recess.

" 2. The combination with a holding die to receive one end of an axle, or of a die for removing the fins from the collars of said axles, having a recess to receive the other end of the axle, and having also a cutting edge, constituting the front edge of said recess."

The Sheldon Axle Company appears in the proceedings only as the assignee of the appellant, Leroy D. Hill, who

claims to have made the invention; and the controversy in regard to priority of invention is between Hill and Parmelee. Or, rather, the real controversy is as to which of the two was the actual inventor of the device in question, the two parties, at the time of the invention, having been in the employment of the same company, and the invention in dispute being the same identical invention and not the result of independent action by the parties proceeding upon similar lines at or about the same time.

The appellee Parmelee claims to have conceived the invention in April of 1889, to have disclosed it to others at or about the same time, and to have made a full set of dies, fit for actual work, in October of 1889. He applied for a patent on January 22, 1890; and the patent was issued to him on August 12, 1890.

On April 22, 1891, the appellant Hill made application for letters patent for the same identical invention described in substantially identical terms; and thereupon an interference was declared between him and the patentee, Parmelee. In his preliminary statement thereafter filed, the appellant claimed to have conceived the invention in the early part of October, 1889; to have almost immediately disclosed it to others; and to have reduced it to practice in the latter part of the same month. The reduction to practice was the same as that claimed by Parmelee.

Voluminous testimony, extending to more than fifteen hundred printed pages, and much of it useless and irrelevant, was taken by the parties in support of their respective claims; upon the consideration of which all three of the tribunals in the Patent Office, namely, the examiner of interferences, the board of examiners and the Commissioner of Patents, held adversely to the claims of the applicant and appellant Hill. The latter has now brought his case here by appeal from the decision of the Commisioner.

Inasmuch as the appellee has the patent—which, it will

be noticed, was issued to him upwards of eight months before the appellant filed any application in the Patent Office—the appellant having delayed the filing of any claim until after the lapse of more than seventeen months after the conceded date of the reduction of the invention to practice, it becomes incumbent upon the appellant to make out his case beyond all reasonable doubt, and to show very clearly that the decision of the Commissioner was erroneous. This is the well settled rule of law in all such cases, for which no citation of authorities is now necessary; for it may be regarded as fundamental and elementary law in all patent causes.

We have carefully perused the voluminous mass of testimony adduced in the case; and we have failed to find that the appellant has made any such showing as the rule thus stated requires. On the contrary, it seems to us that he has wholly failed to cast any reasonable doubt on the case of the appellee. It would not serve any good purpose to analyze the testimony with a view of showing wherein we think the appellant fails to show any good ground for his application. That has already been satisfactorily done by the tribunals in the Patent Office; and we do not find that they have misconceived the tenor and purport of the evidence. Suffice it to say, that in our opinion the conduct of the appellant Hill and of his assignee, the Sheldon Axle Company, towards the appellee for four months after their alleged discovery of the issue of a patent to the latter, is wholly irreconcilable with any other theory than that they recognized the appellee as the true inventor of the device in controversy. During those four months he was in the course of executing a contract with the company with special reference to the patent to the knowledge and with the concurrence of the appellant, like himself an employee of the company during all that time; and neither the company nor the appellant at any time during that period gave the slightest intimation, as they would most undoubtedly

have done if such were the fact, that Parmelee was not the true inventor of the device, and had actually pirated for himself the invention of Hill. It seems to be conceded that the application of Hill was made for the sole purpose of forcing this interference and compelling Parmelee to accede to the propositions of the company, which had before this become the assignee of Hill. And yet even after the filing of Hill's application, the company entered into another contract with Parmelee on July 1, 1891, having reference to the use of his patent; and it was not until after he refused to comply with its propositions and left its employment to take service with a rival company that the application of Hill for letters patent was vigorously prosecuted. The conclusion is irresistible that the claim of Hill to be the inventor was an afterthought; and while he might possibly be said to have had some participation in elaborating the original idea of Parmelee, he is not entitled in any sense to be regarded as the inventor of the device.

We are of opinion that the Commissioner was right in his decision, and that decision is therefore *affirmed*. *The clerk of this court will accordingly certify this opinion and the proceedings in this cause to the Commissioner of Patents, according to law.*

Mr. Chief Justice ALVEY did not sit on the hearing of this case, his place being taken by Mr. Justice HAGNER, of the Supreme Court of the District of Columbia.—REPORTER.